**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JOSUE REYNALDO HERNANDEZ-MURILLO** | **CIVIL ACTION NO. 1:26-3595** |
| | **SECTION P** |
| **VS.** | **JUDGE TERRY A. DOUGHTY** |
| **BRIAN ACUNA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Josue Reynaldo Hernandez-Murillo, a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Respondents oppose the petition. [doc. # 5]. For reasons below, the Court should deny the petition.

### Background

Petitioner is a citizen of Honduras. "Petitioner entered the United States without inspection on or about February 20, 2019, when he was fifteen years old." [doc. # 1, p. 4].

"Petitioner is married to [] a United States citizen. They have two United States citizen children. Petitioner's older child underwent emergency appendicitis surgery in approximately August 2025 and requires ongoing care and support. Petitioner has played an active role in supporting his child's recovery and assisting his wife with the family's daily caregiving

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

responsibilities. Petitioner has substantial community ties. Before detention, he worked in roofing and also worked as a subcontractor for a local handyman business." [doc. # 1, p. 5]. He does not have a criminal record. *Id.*

ICE detained Petitioner on approximately July 9, 2026. [doc. # 1, p. 4].

Petitioner filed this proceeding on September 16, 2026. [doc. # 1]. He claims that the Government is violating his right to procedural due process by denying him a "custody-redetermination hearing." *Id.* at 8. He argues in part, "Respondents' detention of Petitioner without any meaningful, individualized determination of the necessity for detention violates the Due Process Clause of the Fifth Amendment." *Id.* at 9.

Petitioner also claims that the Government is erroneously detaining him under 8 U.S.C. § 1225. [doc. # 1, p. 9].

Respondents opposed the petition on November 2, 2026. [doc. # 5]. Petitioner filed a reply on November 16, 2026. [doc. # 6].

## **Law and Analysis**

### **I. 8 U.S.C. § 1225 Versus 8 U.S.C. § 1226**

The Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A) even when they have been present in the United States for many years. *Buenrostro-Mendez*, 166 F. 4th 494, 502 (5th Cir. 2026). In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. *Id.* The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). *Id.*

Here, *Buenrostro-Mendez* governs Petitioner's detention status: he is detained under Section 1225. Under 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added), "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum." Under Section 1225(b)(1)(B)(iii)(IV) (emphasis added), "Any alien subject to the procedures under this clause *shall be detained* pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Under section 1225(b)(2)(A) (emphasis added), "Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."

Plainly, Section 1225 does not authorize release on bond. *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Petitioner is, therefore, not statutorily entitled to bond or a bond hearing. The Court should dismiss his statutory claim accordingly.

**II. Procedural Due Process**

In *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188, at 12 (5th Cir. Oct. 23, 2026), the petitioners claimed "that their detention without a bond hearing violate[d] their rights under the Fifth Amendment's Due Process Clause, even if § 1225(b)(2)(A) does not require any such hearing before imposing detention." The court denied the claim, holding that if petitioners "have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal." *Id.* at 5. The petitioners were "'applicants for admission' under § 1225(b)(2)(A), and they [could] not assert a right to further process governing their admission beyond what

Congress has provided in § 1225(b)(2)(A).” *Id.* at 6. The court concluded, “The Constitution does not entitle them to a bond hearing.” *Id.* It also added that “procedural due process does not require bond hearings centered on assessing dangerousness and flight risk in the context of § 1225(b)(2)(A).” *Id.* at 7.

Here, under *Rodriguez*, the Court should deny Petitioner’s procedural due process claim.

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Josue Reynaldo Hernandez-Murillo’s petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party’s objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 19th day of November, 2026.

Kayla Dye McClusky
United States Magistrate Judge